## CIRCUIT COURT OF AMHERST COUNTY

William M. McClenny, Jr.

v.

First Virginia Bank-South Central
and Bernard L. Bibb, III

August 8, 1994

Case No. 4316

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to render my opinion on the motions for summary judgment in the above case. In this case, William M. McClenny, Jr., and Sandra Bibb McClenny opened a "joint account with survivorship" with First Virginia Bank on September 7, 1985. This account was opened under the social security number of Bernard L. Bibb, III, the son of Sandra Bibb McClenny and the stepson of William M. McClenny, Jr. The account was stated to be as "Cust. for Bernard L. Bibb, III," but only Sandra Bibb McClenny and William M. McClenny, Jr., were the authorized signatories to the account. As set forth under § 6.1-125.10 of the Code of Virginia only William M. McClenny, Jr., or Sandra Bibb McClenny could execute a request for payment out of this account.

Based upon the signature card, this account qualified as a "joint account," "multiple-party account," and "trust account" as defined under the provisions of § 6.1-125.1 of the Code of Virginia. Further, pursuant to the definition of "party" under § 6.1-125.1(7) of the Code of Virginia, it appears that William M. McClenny, Jr., and Sandra Bibb McClenny were the only parties to the account. Even though Bernard L. Bibb, III, could be classified as

a named beneficiary, he was not a party because he had no "present right of withdrawal" under the terms of the account document.

At the hearing on the motions for summary judgment, it was agreed that Sandra Bibb McClenny died on March 12, 1990. Under the provisions of § 6.1-125.5 of the Code of Virginia, particularly subparagraph A and subparagraph C, the sums remaining on deposit at the death of a party to a joint account, including a joint trustee, belong to the surviving party unless there is clear and convincing evidence of a different intention at the time the account is created. In the present posture of this case, there is no evidence of a clear and convincing nature which indicates that Sandra Bibb McClenny and William M. McClenny, Jr., had a different intention than for the account to belong to the surviving party, William M. McClenny, Jr., at the time of Sandra McClenny's death. The argument could be made that the parties intended for the account to become the property of Bernard L. Bibb, III, at the death of Sandra Bibb McClenny. However, there is no evidence on the face of the account document indicating this to be their decision. The account merely indicates it as being held as custodians for Bernard L. Bibb, III.

It could possibly be argued that the Court should hear evidence on the issue of whether the parties had a different intention at the time the account was created as set forth under § 6.1-125.5. That, however, is not necessary in this case because the account document and § 6.1-125.14 resolve the issue. The account document specifically states as follows:

> Each depositor agrees that the bank may charge this account or any other account of one or more of the depositors with any indebtedness owing bank by any one or more of the depositors if the bank feels insecure whether or not the indebtedness has matured at the time of the charge.

Section 6.1-125.14 addresses the issue of setoff. That section specifically says that "subject to any contractual provision" if a party to a multiple-party account is indebted to a financial institution, the financial institution has a right of setoff against the account in which the party has a right of withdrawal. In this case William M. McClenny, Jr., had a debt which had gone into default with First Virginia Bank. The specific provisions of the joint account allowed the bank to setoff against the account for a debt owed by the depositors. The request for admissions and the bank documents indicate that William M. McClenny, Jr., and Sandra Bibb McClenny opened the account. Therefore, they are depositors. Accordingly, the bank was entitled to exercise its contractual rights.

In *Fleming v. Bank of Virginia*, 231 Va. 299, 343 S.E.2d 341 (1986), the Supreme Court of Virginia acknowledged that the signature card is the contract between the parties and regulates their rights and duties. *Id.*, 231 Va. at 305. In the instant case, Mr. McClenny is bound by the terms of the document that he signed with the bank.

Accordingly, the Motion for Judgment of the Plaintiff is dismissed.